Ryan W. Koppelman (SBN 290704)
Srishti Ghosh (SBN 354393)
**ALSTON & BIRD LLP**
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
Telephone:  213-576-1000
Facsimile:  213-576-1100
ryan.koppelman@alston.com
maddie.ghosh@alston.com

*Counsel for Nokia Technologies Oy*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. § 1782 of Sckipio Technologies S.I. Ltd., <br><br> PETITIONER, <br><br> - To take the discovery of - <br><br> Nokia Technologies Oy, <br><br> RESPONDENT | Case No. 5:24-mc-80168-VKD <br><br> **NOKIA TECHNOLOGIES OY'S RESPONSE TO SCKIPIO TECHNOLOGIES S.I. LTD.'S § 1782 APPLICATION** |

## I. INTRODUCTION

Sckipio Technologies S.I. Ltd.'s ("Sckipio") Section 1782 application does not meet the statutory requirements for a Section 1782 application. By statute, a person from whom discovery is sought must reside in or be found in the district where the 1782 application is filed. Nokia Technologies Oy is a Finnish company, incorporated and headquartered in Espoo, Finland. It is not registered to do business in this District, or anywhere else in the United States, and does not maintain any offices or have any employees in this District. Indeed, a few weeks ago this Court found that "Nokia Technologies Oy is not 'found' in the Northern District of California," for purposes of Section 1782, on the same facts presented here. *In re Application Pursuant to 28 U.S.C. § 1782*, No. 24-mc-80120-BLF, 2024 U.S. Dist. LEXIS 125254, *7 (N.D. Cal. July 16, 2024) (denying 1782 application of HP). *Id.* Under this precedent, the Court should deny Sckipio's 1782 application for the same reasons.

## II. LEGAL STANDARD

The purpose of 28 U.S.C § 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 sets forth three statutory requirements that must be met for a district court to grant a Section 1782 application: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person." *Olanrewaju Suraju v. YAHOO!, Inc.*, No. 22-mc-80072-SK, 2022 U.S. Dist. LEXIS 147573, at *7 (N.D. Cal. July 13, 2022).

If the three statutory requirements are met, the district court has the discretion to grant a Section 1782 application. *See Olanrewaju Suraju*, U.S. Dist. LEXIS 147573, at *7. In exercising its discretion, a district court considers four discretionary factors, the *Intel* factors, set forth by the Supreme Court: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign

proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## III. ARGUMENT

### A. Nokia Technologies Oy Does Not Reside and is Not Found in this District.

Section 1782 requires that "the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made." *Olanrewaju Suraju*, 2022 U.S. Dist. LEXIS 147573, at *7. Sckipio's Section 1782 application fails to establish that Nokia Technologies Oy either resides in or is found in this District. *See In re Application Pursuant to 28 U.S.C. § 1782*, 2024 U.S. Dist. LEXIS 125254, at *7 (denying 1782 application because the court concluded "Nokia Technologies Oy is not 'found' in the Northern District of California"). To the contrary and as discussed below, Nokia Technologies Oy's supporting declarations establish that it is neither residing in nor found in this District. As a result, the Court should deny Sckipio's application on this basis alone.[1]

Nokia Technologies Oy is a Finnish company, incorporated in and having its principal place of business in Finland. Talvimäki Decl. ¶¶ 2-3. It does not maintain any offices in this District nor anywhere else in California or the United States. *Id*. ¶ 8. It is not registered to do business in California or anywhere in the United States. *Id*. ¶ 5. It does not have any employees located in California or anywhere in the United States. *Id*. ¶ 6. It does not own or lease any property in California or anywhere in the United States. *Id*. ¶ 7. Accordingly, Nokia Technologies Oy does not reside, nor is it found, in this District.

Sckipio's 1782 application incorrectly points to a San Francisco office and a Sunnyvale office, which were previously maintained by Nokia of America Corporation, a completely separate and distinct corporate entity, before those offices were closed several years ago. *See* Gelsi Decl. ¶ 5. Nokia of America Corporation's leases for those two addresses ended in November 2020 and April

---

[1] Under the facts and law cited herein, this should be a straightforward denial of the Sckipio's 1782 application. However, if for some reason the Court were to disagree with Nokia's position, Nokia would request to be heard on the substantial burdens the proposed discovery would place on Nokia as a third-party, and Nokia at least reserves all rights to be heard on such issues in the motion to quash context if a subpoena were to ever issue on Sckipio's 1782 application. *See In re Application Pursuant to 28 U.S.C. § 1782*, No. 24-mc-80120-BLF, 2024 U.S. Dist. LEXIS 125254, *7 (refusing to consider the discretionary factors as moot in light of the failure of the statutory requirement).

- 3 -
NOKIA TECHNOLOGIES OY'S RESPONSE TO SCKIPIO'S § 1782 APPLICATION – 5:24-mc-80168-VKD

2022, respectively. *Id*. Sckipio's 1782 application cites, in error, to an outdated website that still lists those two addresses. *See* Dkt. No. 1 at 7 n.25. In fact, Nokia of America Corporation currently has only one office in this District located at 520 Almanor Avenue, Sunnyvale, California 94085. Gelsi Decl. ¶ 5. Sckipio is apparently aware of this fact because it left a copy of its application at the 520 Almanor Avenue address, though employees there were not authorized to accept service on behalf of Nokia Technologies Oy. *See* Gelsi Decl. ¶ 8. Regardless, Nokia Technologies Oy maintains no offices in the District. Talvimäki Decl. ¶ 8. There is a business unit similarly named "Nokia Technologies," but that business unit is not a legal entity. *Id*. ¶ 9. To the extent any employees happen to work for that business unit in California, they would be employees of Nokia of America Corporation and not Nokia Technologies Oy, and the employees of Nokia of America Corporation in California are not authorized to accept service on behalf of Nokia Technologies Oy. Talvimäki Decl. ¶ 10; Gelsi Decl. ¶ 10.

Under these facts, Nokia Technologies Oy does not reside in and is not found in this District. *See In re Application Pursuant to 28 U.S.C. § 1782*, 2024 U.S. Dist. LEXIS 125254, at *7 (denying 1782 application because the court concluded "Nokia Technologies Oy is not 'found' in the Northern District of California"). A few weeks ago in this District, the Court found on the same set of facts presented here that "Nokia Technologies Oy is not 'found' in the Northern District of California," for purposes of Section 1782. *Id.* This precedent governs here and the Court should deny Sckipio's 1782 application here for the same reasons.

Similarly, in *Olanrewaju Suraju*, this Court denied 1782 discovery because "JP Morgan is a New York corporation with its principal place of business in New York." *Id.* at *7. This Court held that JP Morgan was "therefore not found in this district for purposes of Movants' 1782 application." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)). For these same reasons, Nokia Technologies Oy does not reside and is not found in this District. *See also In re Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *5 (N.D. Cal. Nov. 20, 2017) ("Google is headquartered in this district and "found" here for purposes of § 1782…. Microsoft is also "found" in this district for purposes of § 1782 because it maintains two offices in this District."); *In re TPK Touch Sols. (Xiamen) Inc.*, No. 16-mc-80193-DMR, 2016 WL 6804600, at *2

(N.D. Cal. Nov. 17, 2016) ("HTC maintains as office in this district and is 'found' here for purposes of Section 1782")); *In re Qualcomm Inc.* 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (borrowing and applying the outdated pre-*Daimler* general jurisdiction concept of continuous and systematic contacts). Nokia Technologies Oy is a foreign corporation that has no offices, let alone a headquarters, in this District. Accordingly, it does not reside nor is it not found in this District, and the first statutory requirement for a Section 1782 application is not met. Therefore, the Court should deny Sckipio's Section 1782 application.

## IV. CONCLUSION

For all the reasons stated above, the Court should deny Sckipio's Section 1782 application.

Dated: July 29, 2024      By: /s/ *Ryan Koppelman*

Ryan W. Koppelman (SBN 290704)
Srishti Ghosh (SBN 354393)
**ALSTON & BIRD LLP**
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
ryan.koppelman@alston.com
maddie.ghosh@alston.com

*Counsel for Nokia Technologies Oy*